JONES v. LAURENS BANKING COMPANY, for use, etc.

1. Where the record of a former suit between the same parties, embracing the petition and the plea filed therein, shows that the same matters of defense were then pleaded by the defendant as were pleaded in the present case, and that while the two notes sued upon in the present case were not included in the petition in the former suit, the right of the plaintiff to recover upon them was put in issue by plea of settlement between the defendant and the plaintiff, in which settlement were embraced both the two notes sued upon in the first suit as well as the two sued upon in the present case, such record was properly admitted in evidence.

(a) It was competent for the plaintiff to introduce the record of the former suit, to meet a defense based upon the alleged settlement which had been set up to prevent a recovery in the first suit.

2. The ruling that the transcript of the record of the former suit was properly admitted controls the case in favor of the plaintiff, irrespective of other questions raised in the record.

FEBRUARY 15, 1912.

Complaint. Before Judge Rawlings. Toombs superior court. November 18, 1910.

*Lankford & Dickerson* and *G. W. Lankford,* for plaintiff in error. *T. J. Parrish* and *Hines & Jordan,* contra.

BECK, J. C. S. Pope brought suit, as holder and transferee of four promissory notes, against W. B. Jones, to the February term, 1907, of the superior court of Toombs county. The notes were for the principal sum of $203.62, $179.65, $168.50, and $279.42, respectively. They fell due in the order above named, on May 8, 1900, June 8, 1900, June 20, 1900, and June 16, 1900. By amendments, the suit was stated as brought by the Laurens Banking Company for the use of C. S. Pope; and the plaintiff struck all reference to the first two notes, and declared that no judgment upon the same was prayed for. Subsequently to the filing of that suit, the plaintiff brought suit in the city court of Dublin on the note falling due on May 8, 1900, for $203.62, and on the note falling due on June 8, 1900, for $179.65, these two being the notes which by amendment were stricken from the first suit. These two notes were signed by W. B. Jones and A. B. Jones, as principals. W. B. Jones filed a plea in both cases. The case in the city court was tried in March, 1909, and resulted in a verdict for the plaintiff for the full amount of the two notes sued on. (See 7 *Ga. App.* 538.) The case in the superior court was tried at the February term, 1910, and resulted in a verdict for the full amount of the

notes sued on. W. B. Jones moved for a new trial in the latter
case. The motion was overruled, and he excepted.

1. One of the grounds of the motion for a new trial complains
that a certified transcript of the record of the case in the city court
of Dublin was admitted in evidence upon the trial of the present
case. It was offered for the purpose of establishing the plaintiff's
contention that the matters in issue between the parties to the
case in the superior court had been adjudicated by the trial of the
case in the city court. It appears from this transcript that the
defendant, after admitting the execution of the notes sued on, set
up as a defense that the notes had been fully discharged as the
result of a settlement between himself and the plaintiff. It was
alleged in the plea in the case in the city court: that on April 24,
1901, W. B. Jones was indebted to the plaintiff on the notes sued
on, and on two other notes signed by W. B. Jones individually and
indorsed by A. W. Garrett, cashier, in the principal sum of $831.19,
and that on the date last mentioned W. B. Jones and the plaintiff
"had a settlement of all matters between them, and the defend-
ant, at Condors, Ga., paid to the plaintiff the sum of $————,
leaving a balance due by the defendant Jones to the plaintiff on
said date on the notes hereinbefore set out [that is, the four notes
originally sued on in the superior court] the sum of five hundred
ninety-seven dollars and forty-two cents;" that at the time of the
settlement there was certain timber which was delivered partly to
Grier Brothers and partly to Bales for and at the instance of the
plaintiff; that no account was taken of this timber, "because the
said Pope had not received measurements and bill of sale of said
timber; that said timber so delivered to Pope had at least sixty
thousand feet in same, for which defendant was entitled to ten
dollars and fifty cents per thousand feet, making a total of six hun-
dred and thirty-nine dollars and sixty cents due by plaintiff to
defendant, Walter B. Jones; that it was distinctly agreed to and
thoroughly understood by both plaintiff and defendant Walter B.
Jones that said timber should be credited on balance due at that
time on said notes sued on, and that said timber aforesaid was
more than sufficient to pay the balance due by defendant Walter
B. Jones on said notes." In the plea there was a further aver-
ment of the delivery by the defendant to the plaintiff of 25,000 feet
of timber of the value of $250.00. Certain other items relating to

lumber delivered and services performed by the defendant to the plaintiff were set forth, amounting to the sum of $1,410.00, "which amount was paid by defendant to plaintiff on balance due on aforesaid notes and $500.00 for borrowed money and poplar bought from plaintiff by defendant; that said amount of $1,410.00 was more than enough to pay off the said notes sued on and all other indebtedness due by the defendant Walter B. Jones to plaintiff C. S. Pope, and was paid on said indebted[ness] aforesaid; that said plaintiff C. S. Pope, notwithstanding the fact that said money aforesaid and said timber was paid by defendant Walter B. Jones and accepted by said plaintiff as payment of said notes, the said plaintiff failed and refused to apply same to said notes and indebtedness as aforesaid, or to give the defendant Walter B. Jones credit for the said sum of $1,410.00 aforesaid."

From this plea it distinctly appears that while in the suit brought in the city court of Dublin only two of the notes included in the suit previously brought in the superior court of Toombs county were sued upon, the defendant by his answer distinctly put in issue the question as to whether or not he was indebted to the plaintiff upon all or any one of the four notes. It was averred by the defendant that on April 24, 1901, he and the plaintiff had a settlement of all matters between them, that averment relating specifically to the indebtedness represented by all of the four notes, and that that settlement left a balance due to the plaintiff of $597.42; and he then pleaded matter showing a complete discharge and payment of that balance and the other indebtedness brought about by subsequent dealings between the parties. By an amendment to his original plea to the suit in the superior court the defendant set up the same settlement of April 24, 1901, between himself and the plaintiff. He again, after having alleged the settlement of all matters between them, stated the balance to be $597.42, and alleged the delivery to Pope, or to other parties for and at the instance of Pope, of the rafts of timber containing 60,000 feet, of the value of $639.60, and the subsequent delivery of timber to Pope, 25,000 feet in amount, of the value of $250, and set forth the other dealings between himself and the plaintiff subsequently, as set up in the answer he filed in the city court. We are of the opinion that the court properly admitted the record of the suit brought by the plaintiff in the present case against the defendant in the·city court of

Dublin. It shows that while only two notes were sued upon there, the defendant himself brought into the controversy the two notes that were being sued upon in the superior court of Toombs county. Under the plea filed in the city court the obligation of the defendant on all four of the notes herein referred to was put in issue. The defendant, in the suit in the city court of Dublin, pleaded a settlement which related, not to any one or two of the four notes, but to all of them. In his plea he showed a settlement which left a balance of $597.42, and then in the next paragraph of his plea he alleged a delivery of 60,000 feet of timber, of the value of $639.60, which was more than enough to cancel the unpaid balance; and then in immediate connection he alleged the delivery of still other timber of the value of $250. The jury found against him upon the issue made by these averments, giving to the plaintiff a verdict for the full amount of his demand. Upon what theory could the defendant again be heard to set up the delivery of these various lots of timber which were more than sufficient in value to discharge the entire balance of his indebtedness to the plaintiff after the settlement referred to? We can conceive of none. In the city court the defendant rested his case upon a settlement at a certain date of all matters, which included the four notes, which settlement left a balance due by him to the plaintiff, which balance he asserted had been entirely discharged by delivery of goods of a value greater than the amount of the balance. The jury found against him on the issues made by his defense. Can he now set up, as a defense to the two notes which were being sued to judgment in the superior court, the same settlement, the same balance due after the settlement, and the same payments made to cancel that balance? Certainly he can not, unless he make it appear, from the evidence introduced on the trial of the present case, that some of the matters put in issue by his plea in the city court of Dublin were not actually litigated. That that was done is not suggested in the ground of the motion which we are now considering, and which is based solely upon an alleged error in the admission of the record in the case in the city court.

It was not necessary that the plaintiff should have pleaded former adjudication, in order to make the introduction of a transcript of the record proper; the petition of the plaintiff and the answer of the defendant were the only pleadings necessary in the case. And

when the defendant attempted to defeat the plaintiff's action by setting up matters that had been adjudicated in a former suit, the plaintiff could show the former adjudication by evidence competent for that purpose, without having given any notice of the evidence in his pleadings.

2. There are two other grounds in the amended motion for a new trial; one complaining of the admission of certain evidence over the objection that it was immaterial and irrelevant, and the other assigning error upon a certain excerpt from the court's charge. It is unnecessary to consider these, however, as it appears from a consideration of the entire record that if the transcript of the record of the suit between these parties in the city court of Dublin was properly admitted, a verdict for the plaintiff necessarily followed, and the court might properly have so directed. Counsel for plaintiff in error concede this in their brief.

*Judgment affirmed. All the Justices concur, except Hill, J., not presiding.*